Selene Fin., L.P. v Beltran (2024 NY Slip Op 06230)

Selene Fin., L.P. v Beltran

2024 NY Slip Op 06230

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-00008
 (Index No. 513768/15)

[*1]Selene Finance, L.P., appellant, 
v
Irma J. Beltran, et al., defendants, Manorhaven, Inc., respondent.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 10, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Manorhaven, Inc., which was pursuant to CPLR 5015(a)(1) to vacate a judgment of foreclosure and sale of the same court dated May 6, 2022, entered upon its failure to appear at an inquest.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2015, the plaintiff commenced this action against, among others, the defendants Irma J. Beltran and Manorhaven, Inc. (hereinafter Manorhaven), to foreclose a consolidated mortgage executed by Beltran on August 10, 2009, on certain real property located in Brooklyn. The plaintiff alleged that Beltran failed to make monthly payments due in February 2010, and thereafter.
As is relevant to this appeal, before this action was commenced, Beltran conveyed the property to Manorhaven. Beltran and Manorhaven were originally represented by the same counsel, Biolsi Law Group, P.C., which interposed an answer on behalf of both of those defendants. In March 2019, Beltran retained new counsel. In June 2019, an inquest was held, but Manorhaven failed to appear. Thereafter, a judgment of foreclosure and sale was issued and served on Manorhaven on October 7, 2022. In November 2022, Manorhaven moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale. The Supreme Court, among other things, granted that branch of Manorhaven's motion. The plaintiff appeals. We affirm.
A party seeking to vacate a default is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see id.; Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669; Cox v New York State Thruway Auth., 202 AD3d 1043, 1044). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Melendez v John P. Picone, Inc., 215 AD3d 665, 665 [internal quotation marks omitted]; see Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). In making such a determination, the court may excuse default resulting from law office failure (see CPLR 2005; Logan v 250 Pac., LLC, 210 AD3d [*2]at 1066). "Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible and detailed explanation of the default" (Melendez v John P. Picone, Inc., 215 AD3d at 665-666 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Mandel, 208 AD3d at 669; Jacobson v Val, 206 AD3d 803, 804).
Here, Manorhaven's counsel submitted an affirmation, which credibly explained that his law firm failed to appear at the inquest because a paralegal had mistakenly updated the case file to reflect that the law firm's representation had been terminated as to both Beltran and Manorhaven. Given the isolated and unintentional nature of counsel's error and the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in accepting Manorhaven's excuse of law office failure (see Nationstar Mtge., LLC v Mandel, 208 AD3d at 669; Jacobson v Val, 206 AD3d at 804). Further, the record sufficiently establishes the existence of a potentially meritorious defense (see Jacobson v Val, 206 AD3d at 805).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court